UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| FRANK RIVES, )<br>)<br>  Petitioner, )<br>v. )<br>)<br>BRUCE LEMMON, )<br>)<br>  Respondent. ) | No. 2:10-cv-40-WTL-JMS |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I.**

Having considered the pleadings and the expanded record in this action for habeas corpus relief brought by Frank Rives ("Rives"), the court concludes that his petition for a writ of habeas corpus must be **denied.**

**A.**

Rives was convicted in an Indiana State Court of carjacking. He was also found to be an habitual offender. His conviction was affirmed on direct appeal in *See Rives v. State of Indiana,* No. 49A02-9512-CR-751 (Ind.Ct.App. Nov. 21, 1996). He now challenges his conviction through his petition for writ of habeas corpus.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. § 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief.

**B.**

The facts pertinent to the computation of the statute of limitations are the following:

! Rives' direct appeal was decided on November 21, 1996.

! The last day on which Rives could have filed a timely petition for writ of certiorari review with the United States Supreme Court was February 19, 1997.

- ! On July 20, 1999, Rives filed a petition for state post-conviction relief. That post-conviction action remained pending in one form or another until December 21, 2000.

- ! On December 28, 2006, Rives filed an application for permission to file a successive petition for post-conviction relief with the Indiana Court of Appeals. That application was denied on February 27, 2007. On October 22, 2008, another such application was filed. This was denied on November 21, 2008.

- ! Rives' habeas petition in this action was filed with the clerk on February 4, 2010.

## C.

The legal significance of the foregoing facts is the following:

- ! Rives' conviction was "final" for purposes of the AEDPA on February 19, 1997. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005).

- ! The statute of limitations established by 28 U.S.C. 2244(d) began to run on February 19, 1997.

- ! The statute of limitations established by 28 U.S.C. 2244(d) expired one year later, on February 29, 1998.

- ! Rives' habeas action was filed on February 4, 2010.

- ! The AEDPA's statute of limitations expired nearly 17 months before Rives first filed a petition for post-conviction relief on July 20, 1999. The statute of limitations expired nearly ten (10) years before this habeas action was filed.

- ! Rives' pursuit of post-conviction relief in the Indiana state courts is not relevant to the computation of the statue of limitations in this case. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000). Rives' habeas petition was filed 10 years after the statute of limitations expired.

**D.**

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Rives has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

**II.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Rives has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/17/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana